Motecuzoma P. Sanchez
~~42 N Sutter, St 401~~  P.O Box 4014
Stockton, CA ~~95203~~  95204

Plaintiff in Propria Persona



FILED
FEB 2 2 2019
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Motecuzoma P. Sanchez<br><br>Plaintiff,<br><br>V.<br><br>Micheal Tubbs, individually and as Mayor of the city of Stockton<br><br>Defendant. | Case No.: 2:19CV 0326 JAM EFB PS<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>Date:<br>Time:<br>Crt Rm: |

Plaintiff Motecuzoma P. Sanchez ("Plaintiff") brings this complaint against Stockton's Mayor ("Defendant"), and alleges the following:

## INTRODUCTION

1. This case is about the right to criticize a public official in an online public forum without being censored. Plaintiff is a community activist leader in Stockton and has repeatedly criticized Mayor Tubbs. Mayor Tubbs has deleted Plaintiff's critical comments from his official "Mayor Tubbs" Facebook and Twitter Page and then banned him from the Page. In so doing, Mayor Tubbs has censored Plaintiff's voices during a critical time of public debate in Stockton about whether and how his Department should be subjected to outside oversight.

2. Plaintiff bring this freedom of speech case under the First Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and Article 1, Section 2(a) of the California Constitution, seeking declaratory and injunctive relief and damages.

3. The internet is among the most important places for the exchange of views, enabling a person "to become a town crier with a voice that resonates farther than it could from any soapbox." *Reno v. American Civil Liberties Union*, 117 S. Ct. 2329, 2344 (1997). Social media like Facebook is the "vast democratic forums of the Internet"—modern public squares where Americans can debate politics, religion, and other social issues. *Reno*, 117 S. Ct. at 2343. Facebook and other social media provide "perhaps the most powerful mechanisms available to a private citizen to make his or her voice heard." *Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017). "[S]ocial media users employ these websites to engage in a wide array of protected First Amendment activity on topics 'as diverse as human thought.'" *Id.* at 1735–36 (quoting *Reno*, 117 S. Ct. at 2329). These platforms is "revolution[ary]" in their ability to increase civic engagement with elected officials through the instantaneous and direct communication opportunities afforded by their features. *Id.* at 1736. The direct communication between constituents and public officials on Facebook is analogous to speech that, until recently, was only attainable for people who were physically gathered in the same space, such as in a public park or town hall. *See* Lyrissa Lidsky, Public Forum 2.0, 91 B.U. L. REV. 1975, 2005 (2011).

4. Through his Page, Mayor Tubbs has established an important forum for the expression of views and opinions about his office. Any member of the public (including those without a Facebook account who, though unable to comment, can nonetheless view the Page) is thus able to review and consider the viewpoints—often competing—expressed on the Page. Under governing law, Mayor Tubbs Facebook Page thus qualifies as a public forum under the First Amendment and the California constitution.

5. Plaintiff respectfully request that the Court enter judgment declaring that Defendant's exclusion of Plaintiff from the Page violates the First Amendment of the U.S. Constitution and Article 1, Section 2(a) of the California Constitution, enjoining Defendant from engaging in unlawful censorship of comments, mandating that Defendant restore Plaintiff' posts and posting privileges, and awarding Plaintiff damages and attorneys' fees and costs.

## THE PARTIES

6. Plaintiff is a resident of Stockton, California, and San Joaquin County.
7. Defendant Michael Tubbs is the mayor of Stockton and, on information and belief, a resident of Stockton and San Joaquin County.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff' federal constitutional claims under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 1983 and 1988, because they arise under the Constitution and laws of the United States.
9. This Court has subject matter jurisdiction over Plaintiff' California state constitutional claims under 28 U.S.C. § 1367, because they substantially relate, both legally and factually, to the federal constitutional claims upon which original jurisdiction is premised.

This Court has personal jurisdiction over the Defendant because he is a resident of California.

10. This Court has jurisdiction to grant declaratory and injunctive relief pursuant to 28 U.S.C. § 2201-02 and 42 U.S.C. § 1983.
11. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) and (2) because the Defendant is a resident of the district, and a substantial part of the events or omissions giving rise to the claim occurred within this district.

## FACTUAL ALLEGATIONS

### Relevant Features of the Facebook Social Media Platform

12. **Facebook.** Facebook is a social media platform with approximately 2.27 billion monthly users worldwide, including approximately 214 million users in the United States. The site allows users to upload content—including text, news articles, photos, and video. It also permits other users to respond to, comment on and interact with others in relation to such content.
13. **Profile.** A profile is the home page of a Facebook account typically used by private individuals. It is "a place on Facebook where you can shis information about yourself, such as your interests, photos, videos, current city and hometown."1
14. **Page.** In contrast to a "profile," a Facebook "Page" is a way for "[b]usinesses, organizations and public figures" to "connect with their customers or fans."2

3

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

15. **Posts.** The content that a Facebook user shiss with friends, followers or the public is called a "post." Posts can be made by the owner of a profile or Page, or by other users who visit a profile or page.

16. **Replying or commenting.** Facebook users can respond to or comment on posts, unless not permitted to do so. This is called "replying" or "commenting." Replies appear immediately under the post to which they respond, thereby reflecting the interaction of ideas or viewpoints that the Facebook Page or profile is intended to foster.

17. **Sharing.** Facebook users can "shis" another user's post, thereby publishing the post on such user's own profile or page.

18. **Banning and deleting.** An owner of a Facebook Page controls its content. They may delete posts made by other users and may "ban" a user from posting on the Page. A banned user remains able to view posts by the owner or other users on the Page, but is barred from commenting, posting, or otherwise contributing to the Page, and is thereby excluded from participation in the online dialogue or debate.

**Mayor Tubbs' Facebook Page**

19. Mayor Tubbs maintains a Facebook Page under the name "Mayor Tubbs." The Page contains a profile photo of Mayor Tubbs in suit uniform and. It contains a "Public Figure" designation, and

**Plaintiff's Criticism of Mayor Tubbs**

20. Plaintiff is a well known community activist who has publicly questioned Mayor Tubbs' votes, policies, etc, at public council meetings, in the news media, and social media.

**Mayor Tubbs' Banning of plaintiff and Deletion of Posts**

21. Plaintiff has been banned and blocked from commenting on or responding to Mayor Tubbs' social media accounts since at least January 1st, 2017 when Defendant took office as mayor of the City of Stockton.

See photos:

4

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**





**Michael Tubbs** ✓
Public Figure

🔖 Save



Jonathan, Dona, Patricia and 14,152 others like this

Home   About   Photos   Videos   Events   Pos

**About**                                    ✏️ **Suggest Edits**

🌐  https://www.michaeldtubbs.com/

Above is photo of Tubbs' public Facebook page.

5

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**



Above is a screenshot from Plaintiff's phone showing he can view the page, but cannot engage in dialogue via commenting.

6

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**



# @MichaelDTubbs blocked you

You are blocked from following @MichaelDTubbs and viewing @MichaelDTubbs's Tweets.

Above is a screenshot from Plaintiff's phone showing that he is blocked from Defendant's Twitter account.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

**Plaintiff's sent Defendant a cease and desist letter**

22. Plaintiff emailed **defendant** a cease and desist letter ( Exhibit A) advising the defendant, he was violating the First Amendment free speech. Under 42 U.S.C. § 1983 the mayor in his official capacity permanently blocked individuals from engaging in speech on his official social media accounts, which as a public figure your prohibited from doing.

### FIRST CLAIM FOR RELIEF

(Violation of the First Amendment, 42 U.S.C. § 1983, and Article 1, Section 2(a))

(Censorship in a Public Forum)

23. Plaintiff realleges and incorporate by this reference each of the foregoing paragraphs, as if fully set forth in this claim for relief.
24. The Mayor Tubbs Facebook Page constitutes a public forum under the United States and California Constitutions.
25. At the time he banned Plaintiff from the Mayor Tubbs Facebook Page, and deleted their comments, Mayor Tubbs was acting under color of state law.
26. Mayor Tubbs deletion of Plaintiff' comments, and his banning of him from the Mayor Tubbs Facebook Page, was not content-neutral, nor narrowly tailored to serve important government interests, nor did it leave open ample alternative channels for communication of their messages. For these and other reasons, his conduct infringed upon Plaintiff's rights under the First Amendment and the California Constitutions.
27. Plaintiff has no clear and adequate remedy at law for this violation of their constitutional rights and has suffered irreparable injury as a result of Defendant's conduct, which will continue unless and until enjoined by appropriate order of this court. Plaintiff is entitled to compensation for the violation of their constitutional rights, as well as punitive damages.

### SECOND CLAIM FOR RELIEF

(Violation of the First Amendment, 42 U.S.C. § 1983, and Article 1, Section 2(a))

(Viewpoint Discrimination)

28. Plaintiff realleges and incorporate by this reference each of the foregoing paragraphs, as if fully set forth in this claim for relief.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

29. Defendant banned Plaintiff from the Mayor Tubbs Facebook Page, and deleted their comments, because of the viewpoints they expressed on that Page and the viewpoints they have expressed as members of Stockton. Mayor Tubbs censorship and banning of Plaintiff based on their viewpoints violated their right to freedom of expression under the United States and California Constitutions.

30. Plaintiff have no clear and adequate remedy at law for this violation of their constitutional rights and have suffered irreparable injury as a result of Defendant's conduct, which will continue unless and until enjoined by appropriate order of this court. Plaintiff is also entitled to, also entitled to, at a minimum, nominal damages as compensation for the violation of their constitutional rights, as well as punitive damages.

### . THIRD CLAIM FOR RELIEF

(Violation of the First Amendment, 42 U.S.C. § 1983, and Article 1, Section 2(a))

(Speaker-based Discrimination)

31. Plaintiff realleges and incorporate by this reference each of the foregoing paragraphs, as if fully set forth in this claim for relief.

32. Defendant banned Plaintiff from the Mayor Tubbs Facebook Page, and deleted his comment. Defendant violated Plaintiff's rights under the constitutions.

33. Plaintiff has no clear and adequate remedy at law for this violation of his constitutional rights and has suffered irreparable injury as a result of Defendant's conduct, which will continue unless and until enjoined by appropriate order of this court. Plaintiff is also entitled to, at a minimum, nominal damages as compensation for the violation of their constitutional rights, as well as punitive damages.

### FOURTH CLAIM FOR RELIEF

(Declaratory Relief)

34. Plaintiff realleges and incorporate by this reference each of the foregoing paragraphs, as if fully set forth in this claim for relief.

35. There exists an actual, present and justiciable controversy between Plaintiff and defendant concerning Plaintiff' right to participate in public debate by posting, responding and commenting on the Mayor Tubbs Facebook Page.

9

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

36. This controversy is ripe for judicial decision, and declaratory relief is necessary and appropriate so that the parties may know the legal obligations that govern their present and future conduct.

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

(a) Declaring that by banning Plaintiff from the Mayor Tubbs Facebook Page, and by deleting their posts, Defendant has violated Plaintiff' rights under the First Amendment of the United States Constitution, 42 U.S.C. section 1983, and Article 1, Section 2(a) of the California Constitution;

(b) Granting injunctive relief enjoining Defendant from engaging in unlawful censorship against Plaintiff and others similarly situated by banning him on the Mayor Tubbs Facebook Page based on the content or viewpoint of their posts, or because of their identities;

(c) Granting injunctive relief mandating that Defendant "unban" Plaintiff from the Mayor Tubbs Facebook Page and restore their deleted posts, and enjoining him henceforth from banning him or deleting their posts;

(d) Awarding Plaintiff nominal damages of one dollar each;

(e) Awarding Plaintiff punitive damages;

(f) Awarding Plaintiff their reasonable attorney fees and costs; and

(g) Granting any additional relief as may be just and proper.

Respectfully Submitted;

_____                    _____
Motecuzoma P. Sanchez                              Date
Plaintiff in Pro Se

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**