UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTECUZOMA P. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL TUBBS, individually and as Mayor of the City of Stockton,<br><br>Defendant. | No. 2:19-cv-326-JAM-EFB PS<br><br><br><br>ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint alleges a potentially cognizable First Amendment claim based on viewpoint discrimination, but his remaining claims must be dismissed for failure to state a claim.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiff brings this action under 42 U.S.C. § 1983, alleging defendant Michael Tubbs, the Mayor of the City of Stockton, violated his First Amendment rights. ECF No. 1. Liberally construed, the complaint alleges that defendant established Facebook and Twitter accounts for the purpose of expressing views and opinions concerning his public office. *Id*. at 3. Defendant allegedly maintains his accounts under the name "Mayor Tubbs," and his account pages contain a "Public Figure" designation. *Id*. Plaintiff claims he is a community activist leader who has repeatedly criticized defendant on social media. *Id*. at 1. The complaint alleges that in response to this criticism, defendant blocked plaintiff on his Facebook page and Twitter account. As a result, plaintiff can no longer comment on any matters posted on defendant's accounts. Plaintiff

purports to allege three claims under the First Amendment, which he styles as: (1) "Censorship in a Public Forum," (2) "Viewpoint Discrimination," and (3) and "Speaker-based Discrimination"

The complaint alleges a potentially cognizable First Amendment claim based on viewpoint discrimination. "'[V]iewpoint discrimination' occurs when the government prohibits 'speech by particular speakers,' thereby suppressing a particular view about a subject." *Giebel v. Sylvester*, 244 F.3d 1182 (9th Cir. 2001) (quoting *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 59 (1983) (Brennan, J. dissenting)). "A restriction on speech is viewpoint-based if (1) on its face, it distinguishes between types of speech or *speakers* based on the viewpoint expressed; or (2) though neutral on its face, the regulation is motivated by the desire to suppress a particular viewpoint." *Moss II*, 675 F.3d at 1224. Plaintiff's complaint alleges that the defendant deleted plaintiff's comments and banned him from his social media accounts because he expressed views critical of defendant's job performance. ECF No. 1 at 1, 10. This is sufficient to allege a § 1983 claim for viewpoint discrimination in violation of the Frist Amendment. *See Davison v. Randall*, 912 F.3d 666, 688 (4th Cir. 2019) (holding defendant engaged in viewpoint discrimination by banning plaintiff from Facebook page for making comments that were "critical of the School Board members' official actions and fitness for office."); *Knight First Amend. Inst. At Columbus Univ. v. Trump*, 928 F.3d 226, 238 (2d. Cir. 2019) ("Once it is established that the President is a government actor with respect to his [social media a]ccount, viewpoint discrimination violates the First Amendment . . . once he opens up the interactive features of his account to the public at large he is not entitled to censor selected users because they express views with which he disagrees.").

However, plaintiff does not sufficiently allege a claim predicated on speaker-based discrimination. The complaint is devoid of any allegations showing that defendant banned a certain category of speakers while not restricting others. *See Reed v. Town of Gilbert, Az.*, 576 U.S. 115, 170 ("Because speech restrictions based on the identify of the speaker are all too often simply a means to control content, . . . laws favoring some speakers over others demand strict scrutiny when the legislature's speaker preference reflects a content preference."). Instead,

/////

3

plaintiff only alleges that defendant banned him because he made critical comments—i.e., because of the viewpoint of his comments.

As for plaintiff's claim styled as "Censorship in a Public Forum," this claim appears to be redundant of plaintiff's viewpoint discrimination claim. *See* ECF No. 1 at 9 (alleging that banning plaintiff from "Mayor Tubbs [sic] Facebook Page, was not content-neutral, nor narrowly tailored to serve important government interests."). Consequently, this claim will be dismissed as duplicative of plaintiff's viewpoint discrimination claim.

Accordingly, plaintiff may either proceed only on his potentially cognizable First Amendment claim for viewpoint discrimination, or he may amend his complaint to attempt to cure its deficiencies. Plaintiff is not obligated to amend his complaint.

Should plaintiff choose to amend his complaint, he is informed that any amended complaint must allege a cognizable legal theory against proper defendant and sufficient facts in support of that cognizable legal theory. The amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint alleges, for screening purposes, a potentially cognizable First Amendment viewpoint discrimination claim.

3. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

4. Within 30 days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

5. Failure to comply with any part of this order may result in dismissal of this action.

DATED: August 27, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTECUZOMA P. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHEAL TUBBS, individually and as Mayor of the City of Stockton,<br><br>Defendant. | No. 2:19-cv-326-JAM-EFB PS<br><br>NOTICE OF ELECTION |

In Accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the First Amendment viewpoint discrimination claim;

OR

(2) _____ delay serving defendant and file an amended complaint.