UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTECUZOMA P. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL TUBBS,<br><br>Defendant. | No. 2:19-cv-00326-JAM-JDP<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>ORDER NOTIFYING PLAINTIFF OF HIS VIOLATION OF THE TIME LIMIT FOR SERVICE UNDER RULE 4(m)<br><br>RESPONSE DUE WITHIN 30 DAYS |

On October 16, 2020, the court issued an order that vacated prior findings and recommendations and permitted plaintiff to proceed on his § 1983 First Amendment viewpoint discrimination claim against defendant. ECF No. 7. In order to proceed with his claim, plaintiff was ordered to submit to the United States Marshal within 14 days a completed summons, a completed USM-285 form for defendant, a copy of the complaint for defendant, and a copy of the court's scheduling order. *Id.* Within 14 days thereafter, plaintiff was ordered to file a statement with the court that said documents had been submitted. *Id.* The order notified plaintiff that a failure to comply may result in a recommendation that this action be dismissed. *Id.* Plaintiff has not yet filed any such statement with the court, in violation of a court order. Furthermore, on April 1, 2020, plaintiff failed to appear for a scheduled status hearing in this court, in violation of

1

another court order. *See* ECF No. 11.

The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1. The court will give plaintiff a chance to explain why the court should not dismiss the case for plaintiff's failure to prosecute and failure to comply with court orders. Plaintiff's failure to respond to this order will constitute a third failure to comply with a court order and will result in a recommendation that this action be dismissed.

Under Rule 4(m), if a defendant has not been served within 90 days after the filing of a complaint, the court—after providing notice—must dismiss the action without prejudice or order that service be made within a specified time, unless plaintiff shows good cause for the failure to effect service. Fed. R. Civ. P. 4(m). Here, the court is providing notice to plaintiff that he is in violation of Rule 4(m). Plaintiff will be given one more opportunity to effect service. Failure to serve the complaint will result in a recommendation that this action be dismissed.

Accordingly, it is hereby ordered that:

1. within 14 days from the date of entry of this order, plaintiff shall supply the United States Marshal all information needed by the Marshal to effect service of process, to include:
   a. one completed summons;
   b. one completed USM-285 form for defendant Michael Tubbs;
   c. a copy of the complaint for defendant Tubbs, with an extra copy for the U.S. Marshal, and
   d. a copy of this court's scheduling order and related documents for defendant Tubbs;
2. within 30 days of the date of entry of this order, plaintiff shall:
   a. file a statement with the court that said documents have been submitted to the

    U.S. Marshal, and

  b. show cause why sanctions should not be imposed for his failures to comply with court orders and prosecute this case;

3. failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:  April 5, 2021         _____
                  JEREMY D. PETERSON
                  UNITED STATES MAGISTRATE JUDGE