UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOTECUZOMA P. SANCHEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL TUBBS,<br><br>  Defendant. | No. 2:19-cv-00326-JAM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURES TO PROSECUTE AND TO COMPLY WITH COURT ORDERS<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

This matter is before the court because of plaintiff's repeated failures to prosecute and comply with court orders. On September 29, 2020, the then-assigned magistrate judge recommended dismissal based on plaintiff's failures to prosecute and to comply with court orders. ECF No. 4. On September 30, 2020, plaintiff responded to the court's screening order, ECF No. 5, and the court gave plaintiff another opportunity to prosecute this case, ECF No. 7. On October 16, 2020, the court issued summonses, but plaintiff failed to return them. ECF No. 10. The court converted the April 1, 2021 scheduling conference to a status conference, ECF No. 11, and plaintiff failed to appear. ECF No. 12. On April 5, 2021, the court ordered plaintiff to show cause why this case should not be dismissed based on plaintiff's failures to comply with court orders and to prosecute this case. ECF No. 13. Plaintiff has not responded to the court's order to

1  show cause, and the time to do so has now passed.

2  To manage its docket effectively, the court imposes deadlines on litigants and requires
3  that those deadlines be met.  The court may dismiss a case for plaintiff's failure to prosecute or
4  failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v.*
5  *U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  Involuntary dismissal is a harsh penalty, but
6  a district court has a duty to administer justice expeditiously and avoid needless burden for the
7  parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

8  In considering whether to dismiss the case for failure to prosecute, a court ordinarily
9  considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the
10 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
11 favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."
12 *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779
13 F.2d 1421, 1423 (9th Cir.1986)).  These heuristic factors merely guide the court's inquiry; they
14 are not conditions precedent for dismissal.  *See In re Phenylpropanolamine (PPA) Products*
15 *Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

16 "The public's interest in expeditious resolution of litigation always favors dismissal."
17 *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California*
18 *Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of
19 dismissal.

20 Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently
21 prejudicial to warrant dismissal.  *Id.* (citing *Yourish*, 191 F.3d at 991).  However, delay inherently
22 increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643,
23 and it is plaintiff's failure to prosecute this case that is causing delay.  Therefore, the third factor
24 weighs in favor of dismissal.

25 As for the availability of lesser sanctions, at this stage in the proceedings there is little
26 available to the court that would constitute a satisfactory lesser sanction while protecting the court
27 from further unnecessary expenditure of its scarce resources.  Monetary sanctions are of little use,
28

considering plaintiff's repeated violations of court orders, and the preclusion of evidence or witnesses is not available.  While dismissal is a harsh sanction, no lesser sanction is available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  *Id.*  After weighing the factors, including the court's need to manage its docket, the court finds that dismissal is appropriate.

Accordingly, I recommend that the case be dismissed without prejudice for plaintiff's failures to prosecute and to comply with court orders.

I submit these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties.  The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    December 10, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3